UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2022

GREGORY WARREN,

                Plaintiff,

-against-

ARS ACCOUNT RESOLUTION,

                Defendant.

1:22-CV-2963 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Gregory Warren, of the Bronx, New York, who appears *pro se*, brings this action under the Fair Debt Collection Practices Act. He sues ARS Account Resolution ("ARS"), of Sunrise, Florida. Plaintiff has also filed a motion for permission for electronic case filing. (ECF 5.)

    By order dated May 9, 2022, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court directs service on ARS, and grants Plaintiff's motion for permission for electronic case filing.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on ARS until the Court reviewed the complaint and ordered that a summons be

issued for ARS. The Court therefore extends the time to serve ARS with the complaint until 90 days after the date that a summons is issued for ARS. If the complaint is not served on ARS within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on ARS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for ARS. The Clerk of Court is further instructed to issue a summons for ARS, and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of a summons and the complaint on ARS.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summons for ARS; (2) complete a USM-285 form with the service address of ARS; and (3) deliver all documents necessary to effect service of a summons and the complaint on ARS to the U.S. Marshals Service.

The Court grants Plaintiff's motion for permission for electronic case filing. (ECF 5.)

SO ORDERED.

Dated:   May 16, 2022
         New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

ARS Account Resolution
1643 NW 136th Avenue, Suite 10
Sunrise, Florida 33323